```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MEI XING YU, individually and on behalf of                              :
all other employees similarly situated,                                 :
                                                                        :         16-CV-6094 (JMF)
                                               Plaintiff,               :
                                                                        :              ORDER
                    -v-                                                 :
                                                                        :
HASAKI RESTAURANT, INC., et al.,                                        :
                                                                        :
                                               Defendants.              :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/09/2016

JESSE M. FURMAN, United States District Judge:

By letter motion filed December 8, 2016 (Docket No. 17), the Court has been advised that Plaintiff, who brings claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, has accepted a Rule 68 offer of settlement. Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages. *See id.* § 216(b). In the event a settlement is for less than this amount, the settlement — including any proposed attorney's fee award — must generally be scrutinized by the Court to ensure that it is fair. *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-CV, 2015 WL 4664283, at *6 (2d Cir. Aug. 7, 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award). *But see Khereed v. W. 12th St. Rest.*, No. 15-CV-1363 (JLC), 2016 WL 6885186, at *1 (S.D.N.Y. Nov. 22, 2016) (holding that the judicial approval requirement does not apply to a Rule 68 settlement and citing cases).

Accordingly, it is hereby ORDERED that, on or before **December 23, 2016,** the parties must submit the settlement agreement to the court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See Wolinsky*, 900 F. Supp. 2d at 335-36. (The letter should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate).) In the alternative, if the parties believe that judicial approval of the settlement is not required, they shall submit a joint letter addressing that question and citing supporting authority.

The parties are advised that the Court will not approve any settlement agreement containing a confidentiality provision, unless the parties can show that there are reasons, specific

to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015). In the event that the settlement agreement does contain a confidentiality provision, any letter seeking approval of the settlement should also indicate whether the parties (1) would adhere to the settlement in the event the Court is prepared to approve all but the confidentiality provision (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself—notwithstanding the confidentiality provision) or (2) would abandon the settlement and continue to litigate this action in the event the Court does not approve the confidentiality provision.

In light of the foregoing, it is hereby ORDERED that the conference previously scheduled for December 13, 2016, is adjourned *sine die*. The Clerk of the Court is directed to terminate Docket No. 17.

SO ORDERED.

Dated: December 9, 2016
New York, New York

JESSE M. FURMAN
United States District Judge