# PECHMAN LAW GROUP PLLC
## ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

January 27, 2017

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

  Re: *Yu v. Hasaki Rest., Inc. et al.*
    <u>16 Civ. 6094 (JMF)(RLE)</u>

Dear Judge Furman:

  This letter is submitted pursuant to Your Honor's Order dated January 17, 2017, requesting supplemental briefing in response to the Secretary of Labor's letter brief in *Sanchez et al v. Burgers & Cupcakes LLC*, 16-cv-3862 (VEC), on the issue of whether judicial approval is required when a plaintiff accepts a Rule 68 Offer of Judgment in a Fair Labor Standards Act ("FLSA") case.

**The Undisputed Facts**

  First, the Department of Labor ("DOL") concedes that:

> Rule 68 does not include an exception similar to the language in Rule 41(a)(1)(a)(ii) examined by the Second Circuit in *Cheeks*, which makes a stipulated dismissal subject to ... any applicable federal statute.

DOL Letter Brief at 3.

  Second, the DOL admits:

> On its face, Rule 68(a) is entirely mandatory: when its conditions are met, "[t]he clerk must . . . enter judgment." *See Ramming v. Natural Gas Pipeline Co.*, 390 F.3d 366, 370 (5th Cir. 2004) ("The court generally has no discretion whether or not to enter the judgment. A Rule 68 Offer of Judgment is usually considered self-executing."); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) ("[O]nce the parties agree on the terms of a Rule 68 judgment, the court has no

The Hon. Jesse M. Furman
January 27, 2017
Page 2

> discretion to withhold its entry or otherwise frustrate the agreement.").

DOL Letter Brief at 10.

As such, this Court must follow the Supreme Court's express mandate and endorsement of the "plain meaning construction" of Rule 68. *Marek v. Chesny*, 473 U.S. 1, 10 (1983).

### Let's Not Be Distracted By The Rhetoric

The DOL's rhetoric about the FLSA being "uniquely protective," "remedial and humanitarian," does not affect the application of the clear mandate of Rule 68. Equally compelling adjectives can be used to describe laws protecting workers against sex discrimination, race discrimination, safety issues, pension abuse, toxic torts, and a myriad of loathsome conduct by employers -- they all have a "protective purpose."

### The Purported Exceptions To Rule 68 Are Inapposite

The DOL suggests that "despite the mandatory language, Rule 68 judgments are not altogether automatic." DOL Letter Brief at 3. But the examples it provides were borne of circumstances wholly different from this case.

The first scenario involves representative plaintiffs and competing procedural rules. In the class action context, the procedure for accepting Rule 68 offers comes second to Rule 23(e)'s required fairness hearing. A similar issue with competing mandates arose in the case the DOL cites, *Gordon v. Gouline*, in which the Bankruptcy Court attempted to resolve an apparent conflict between Rule 68 and Federal Rule of Bankruptcy Procedure 2000(a)(3), which requires that the Bankruptcy Court approve any settlement. 81 F.3d 235, 239 (D.C. Cir. 1996). Both of those cases had what does not exist in this case: interested parties that would be affected by the accepted Rule 68 offer.

In a similar vein, the Court must also ensure that it does not approve a Rule 68 offer that would conflict with its inherent mandate of upholding the law. It may therefore refuse to enter an accepted offer that "contemplates illegal activity" or otherwise makes the court a party to some fraud. *Perkins v. U S West Communs.*, 138 F.3d 336 (8th Cir. 1998). This case presents none of those concerns. There is no applicable procedural rule that requires the Court to review the Rule 68 Offer, as there are no other interested parties, only Plaintiff and Defendants. It is also clear that the Offer does not contemplate illegal activity. Accordingly, the Rule 68 judgment here must be automatic.

### This Court Has No Authority To Tamper With Rule 68

Justice Frankfurter, in his dissenting opinion in *D. A. Schulte, Inc. v. Gangi*, lamented the judicially-created requirement of court review of FLSA settlements:

The Hon. Jesse M. Furman
January 27, 2017
Page 3

> For purposes of judicial enforcement, the "policy" of a statute should be drawn out of its terms, as nourished by their proper environment, and not, like nitrogen, out of the air. Before a hitherto familiar and socially desirable practice is outlawed, where overreaching or exploitation is not inherent in the situation, the outlawry should come from Congress. To that end, some responsibility at least for a broad hint to the courts, if not for explicitness, should be left with Congress.

*D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 121-22 (1946). Justice Frankfurter's dissent underscores that the policy of requiring judicial review of FLSA settlements was created by the courts rather than by Congress. There is no reason for this Court to again create "out of thin air" an exception not authorized by Congress.

**Unintended Consequences and Conflicts**

The DOL fails to address the fallout that will occur from the Court's rejection of a Rule 68 Offer on a plaintiff's behalf in all FLSA cases. "Rule 68 creates an incentive for a plaintiff to accept a formal offer by *penalizing* the plaintiff who rejects it but later recovers less at trial" by shifting responsibility for *all* litigation costs to plaintiff. *Rozell v. Ross-Hoist*, 576 F. Supp. 2d 527, 542 (S.D.N.Y. 2008) (emphasis added). Should the court intervene in the mandatory Rule 68 process, it exposes the plaintiff to increased financial liability -- certainly, a result contrary to the FLSA's protective purpose. More importantly, it is unclear what impact such a ruling may have on future decisions in the case. Will a jury be bound by the court's determination that a case is worth no less than a rejected offer amount? Must the Court consider the interaction between the rules for approving an FLSA settlement and those governing when the Court may ultimately decide factual issues? There is a reason why Rule 68's language is mandatory. It presents a financial risk that should be only plaintiff's to accept or decline.

**Conclusion**

For all of the foregoing reasons, as well as those set forth in our December 22, 2016 letter, we request that Your Honor permit the Clerk of the Court to enter judgment of the Offer of Judgment accepted by Plaintiff pursuant to Rule 68.

Respectfully submitted,

Louis Pechman

cc: Jian Hang, Esq. (via ECF)