USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/10/2017

# PECHMAN LAW GROUP PLLC
### A T T O R N E Y S   AT   L A W

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

April 3, 2017

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:     *Yu v. Hasaki Rest., Inc. et al.*, 16 Civ. 6094 (JMF)(RLE)

Dear Judge Furman:

We represent the Defendants in the above-referenced matter. This letter is submitted jointly with Plaintiff in response to the Court's March 20, 2017 Order (ECF No. 24 ("Order")), directing the parties to "submit any settlement agreement to the Court, along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable . . . ."

In this case, the parties have no written settlement agreement. Nor is there any informal understanding between the parties of any settlement terms beyond the amount of the judgment in the Rule 68 Offer.

The parties disagree with the Court's conclusion that fairness review of a Rule 68 Offer is required or even permitted. To be clear, while the parties believe that the amount in the Offer of Judgment is fair and reasonable, we believe the Court has no authority to require an explanation or justification of the amount proffered and accepted by parties represented by experienced labor counsel.

So as not to moot the parties' anticipated challenge to the Order, the parties respectfully request that the Court defer any fairness review of the parties' Rule 68 Offer until it has issued its full opinion and the parties either seek reconsideration or appeal to the Second Circuit.

Finally, the parties note that, on March 28, 2017, Judge Schofield issued a decision in *Xiaoqiang An v. Leo Chuliya, Ltd.*, adopting the majority view that "[a]bsent evidence of the parties' efforts to evade judicial review of their settlement . . . judicial

review of the Rule 68 offer of judgment in [a] FLSA case is unwarranted." *Xiaoqiang An*, No. 16 Civ. 8832, 2017 U.S. Dist. LEXIS 45802, at *2 (S.D.N.Y. Mar. 28, 2017).

The decision is attached for the Court's reference.

Respectfully submitted,

Louis Pechman

cc: Jian Hang, Esq. (via ECF)
Keli Liu, Esq. (via ECF)

This application should have been filed as a letter motion seeking an extension of the deadline and, per the Court's Rules, should have been filed in advance of the deadline rather than on the deadline itself. Notwithstanding those deficiencies, the application is granted, and the parties' deadline to comply with the Court's earlier order is vacated pending the Court's ruling on the issue.

SO ORDERED.

April 10, 2017