USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/10/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
:
MEI XING YU, individually and on behalf of :
all other employees similarly situated, :
: 16-CV-6094 (JMF)
Plaintiff, :
: OPINION AND ORDER
-v- :
:
HASAKI RESTAURANT, INC., et al., :
:
Defendants. :
:
--------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015), the Second Circuit held that, absent approval by a district court or the Department of Labor ("DOL"), parties "cannot" settle claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, "through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." The question presented here, which has divided district courts in this Circuit since *Cheeks*, is whether parties may make an end run around the judicial oversight required by *Cheeks* by settling FLSA claims pursuant to Rule 68 of the Federal Rules of Civil Procedure instead. *Compare, e.g.*, *Anwar v. Stephens*, No. 15-CV-4493 (JS) (GRB), 2017 WL 455416, at *1 (E.D.N.Y. Feb. 2, 2017) (holding that a Rule 68 settlement is not subject to judicial approval and citing cases), *with Sanchez v. Burgers & Cupcakes LLC*, 16-CV-3862 (VEC), 2017 U.S. Dist. LEXIS 38292, at *4-6 (S.D.N.Y. Mar. 16, 2017) (holding that a Rule 68 settlement offer is not valid absent DOL or court approval); *Toar v. Sushi Nomado of Manhattan, Inc.*, 13-CV-1901 (VSB), Docket No. 137, slip op. at 7-14 (S.D.N.Y. Mar. 16, 2017) (same). In a "bottom-line" Order entered on March 21, 2017, the Court indicated that, for reasons to be

stated in a forthcoming opinion, it had concluded that judicial approval was required of the parties' settlement in this case, which was reached pursuant to Rule 68. (Docket No. 24).[1] This is that opinion.

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. To that end, the statute provides various protections to covered employees, including a minimum wage and overtime compensation. *See id.* §§ 206(a), 207. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). Indeed, the Supreme Court has "frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). "Thus," the Court has "held that FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Id.* (internal quotation marks omitted). Indeed, the statute's protections apply even "to those who would decline its protections," as employers might otherwise "be able to use superior bargaining power to coerce employees . . . to waive their protections under the Act." *Tony & Susan Alamo*

---

[1] In reaching its conclusion, the Court considered not only the parties' submissions, but also the *amicus* letter brief filed by the DOL at Judge Caproni's invitation in *Sanchez v. Burgers and Cupcakes, LLC*, docketed in this case at Docket No. 21 ("DOL *Amicus* Br."). The Court gave the parties an opportunity to respond to the DOL's *amicus* brief. (Docket Nos. 22-23).

2

*Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985); *see also Brooklyn Sav. Bank*, 324 U.S. at 706-07 (describing the FLSA as "a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce").

In light of the statute's unique features and policies, courts have long held that there are only two ways in which FLSA claims can be settled or compromised by employees. First, under Section 216(c) of the statute, the DOL "is authorized to supervise payment to employees of unpaid wages." *See Lynn's Food Stores*, 679 F.2d at 1353. Second, a court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (discussing the judicial approval requirement). In *Cheeks*, the Second Circuit confronted the question of whether approval in one or the other of these ways was required before parties to a lawsuit involving FLSA claims could settle those claims with prejudice under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Citing the language of Rule 41(a)(1)(A) that makes dismissal without a court order "[s]ubject to . . . any applicable federal statute," the *Cheeks* Court held that such dismissals do indeed "require the approval of the district court or the DOL to take effect." 796 F.3d at 206. "Requiring judicial or DOL approval of such settlements," the Court explained, "is consistent with . . . the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" *Id.* (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). Indeed, judicial approval "is necessary" to avoid the "potential for abuse," including "highly restrictive confidentiality provisions in strong tension with the remedial purposes of the FLSA," "overbroad release[s],"

excessive attorney's fee awards, and inadequate awards. *Id.* (internal quotation marks and alteration omitted).

In the wake of *Cheeks*, litigants have increasingly tried to evade the requirement for judicial or DOL approval by entering into settlements pursuant to Rule 68. These litigants have argued — as the parties do in this case (Docket Nos. 19, 22, 23) — that approval is not required for such settlements because Rule 68 provides that "[t]he clerk *must* . . . enter judgment" of an accepted offer of judgment and lacks any language comparable to Rule 41's "applicable federal statute" exception that figured prominently in *Cheeks*. Fed. R. Civ. P. 68 (emphasis added). The majority of courts in this Circuit have agreed, *see, e.g.*, *Anwar*, 2017 WL 455416, at *1 (citing cases); *Arzeno v. Big B World, Inc.*, 317 F.R.D. 440, 440-41 (S.D.N.Y. 2016) (same), albeit not without noting misgivings about the fact that such settlements are in tension with the purposes of the FLSA and the spirit of the Second Circuit's decision in *Cheeks*, *see, e.g.*, *Baba v. Beverly Hills Cemetery Corp.*, No. 15-CV-5151 (CM), 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016) (decrying that "Rule 68 Offer of Judgment procedures give clever defendant-employers an aperture the size of the Grand Canyon through which they can drive coercive settlements in [FLSA] cases without obtaining court approval"). Significantly, these courts have uniformly rested their holdings on a single, and simple, foundation: the plain language of Rule 68. As one court reasoned: "Rule 68 makes plain that once an offer is timely accepted and filed, '[t]he clerk *must* enter judgment.' This directive is unambiguous and does not allow for courts to read some prerequisite to the clerk's entry of judgment into the Rule." *Arzeno*, 317 F.R.D. at 443; *see Barnhill v. Fred Stark Estate*, No. 15-CV-3360 (BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015) ("Unlike Rule 41, as construed in *Cheeks,* Rule 68 has no 'hook,' no limiter, that

4

restricts its use and that would permit excluding the FLSA from its reach. To hold that Rule 68 is not available in FLSA cases without court approval would be to rewrite it.").

But that foundation — namely, that Rule 68 is, by its terms, mandatory and leaves no room for judicial scrutiny of an accepted offer — crumbles under closer scrutiny. That is, although it is sometimes said that a court "has no choice about entering" a Rule 68 judgment, "this general statement is too broad to encompass all instances in which Rule 68 offers are made." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3005 (2d ed. 1996)). Indeed, as one judge on the Eleventh Circuit observed, "[t]here are myriad settings in which a court has an independent duty . . . to review the terms of a settlement offer; Rule 68's operation does not relieve the court of that duty." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1250-51 (11th Cir. 2002) (Marcus, C.J., specially concurring). "[I]n the context of class actions," for example, "Rule 68 offers of judgment are routinely employed despite the fact that all agreements must subsequently be approved by the court after a fairness hearing." *Gordon v. Gouline*, 81 F.3d 235, 239 (D.C. Cir. 1996) (citing cases). And as the D.C. Circuit has held, in bankruptcy cases, Rule 68 does not override the requirement that compromises or settlements must be approved by the court. *See id.* at 239-40.

In fact, there are a host of situations in which parties may not, without approval of either or both a government agency and a court, enter into a settlement. For instance, the relator in a *qui tam* action under the False Claims Act may not agree to a settlement without the "written consent" of *both* "the court and the Attorney General." 31 U.S.C. § 3730(b). Similarly, many jurisdictions, such as New York, require judicial approval for settlement of any action commenced by or on behalf of a minor. *See* N.Y. C.P.L.R. §§ 1207-1208; *see also Jacobs v.*

5

*United States*, No. 08-CV-8061 (KNF), 2012 WL 591395, at *3 (S.D.N.Y. Feb. 22, 2012) (noting that, under New York law, the claim of an infant "may not be compromised without the approval of the court"). It is unimaginable that Congress and the Supreme Court intended to allow parties to bypass these requirements through the mechanism of a Rule 68 settlement. Indeed, it is so unimaginable that no party seems to have even attempted such a maneuver in these settings, let alone successfully. *See, e.g.*, *Allen v. Freeman*, No. 1:10-CV-22 (RH), 2016 WL 775788, at *2 (S.D. Ga. Feb. 25, 2016) (noting that the court had ordered the plaintiffs, suing on behalf of minors, to petition for approval of a Rule 68 settlement under a local rule requiring court approval of settlements on behalf of minors).

Separate and apart from that, courts "will not, of course, enter judgment pursuant to a Rule 68 offer of judgment that contemplates illegal activity, regardless of the parties' agreement." *Perkins v. U.S. W. Comms.*, 138 F.3d 336, 338 n.5 (8th Cir. 1998); *see also* Wright & Miller § 3005 ("Certainly the court may not enter an injunction that calls for an illegal act simply because the parties have agreed to it."). And, more broadly, courts retain discretion in deciding whether to order injunctive relief, even though parties may include injunctive relief in an accepted Rule 68 offer. As Wright and Miller put it: "The decision whether to enter any injunction is ultimately within the court's discretion . . . . At least in cases seeking injunctions or similar judgments, therefore, the court cannot be compelled to enter the agreed judgment even though it emerged from a Rule 68 offer and acceptance." Wright & Miller § 3005; *accord Util. Automation 2000*, 298 F.3d at 1251 (Marcus, C.J., specially concurring); *see also, e.g.*, *Sanford v. Charles Robinson, Inc.*, No. 2:05-CV-1941(GEB) (KJM), 2006 WL 1867616, at *2 (E.D. Cal. July 6, 2006) (declining to enter the portion of an accepted offer of judgment providing for

injunctive relief because it did not comply with Rule 65 of the Federal Rules of Civil Procedure and the parties had failed to show that an injunction was "needed").

The parties in this case try to dismiss these exceptions by calling them "inapposite." (Docket No. 22 ("Second Joint Ltr."), at 2). The class action and bankruptcy contexts, they assert, both have something that "does not exist in this case: interested parties that would be affected by the accepted Rule 68 offer." (*Id.*). And the offer in this case, they note, "does not contemplate illegal activity," and thus does not implicate the Court's "inherent mandate of upholding the law." (*Id.*). But these arguments fall short for two reasons. First, the fact that such concerns are absent in *this* case, while perhaps a factor favoring approval of the settlement here, is not an argument for avoiding judicial scrutiny of Rule 68 FLSA settlements generally. For example, many FLSA cases *do* involve "interested parties that would be affected by the accepted Rule 68 offer" — namely, opt-in plaintiffs whose interests may not be adequately represented by the named plaintiffs or counsel. *See, e.g.*, *Pla v. Renaissance Equity Holdings LLC*, No. 12-CV-5268 (JMF), 2014 WL 113721, at *3 (S.D.N.Y. Jan. 13, 2014) (reducing the attorney's fees portion of an FLSA settlement based in part on "the Court's responsibility to guard the rights of the opt-in Plaintiffs who presumably did not bargain at arm's length to pay 44% of their recovery to Plaintiffs' counsel"). Second, the parties' arguments miss the significance of the "exceptions" — namely, the fact that there *are* exceptions, despite the seemingly mandatory language of Rule 68. That is, once one concedes that there are exceptions, as the parties effectively do, the question is no longer whether a court can scrutinize a Rule 68 settlement — it plainly can. Instead, the question becomes whether FLSA claims fall within the narrow class of claims that cannot be settled under Rule 68 without approval by the court (or the DOL).

In the Court's view, the answer that question is yes, for two reasons. First, as Judge Broderick recently observed in holding that parties may not circumvent judicial scrutiny of an FLSA settlement via Rule 68, the *Cheeks* Court's "discussion of the necessity of judicial review to promote FLSA's statutory purpose in light of the potential for abuse in FLSA settlements is applicable outside the Rule 41 context." *Toar*, slip op. at 10. That is, separate and apart from the language of Rule 41, the Second Circuit's holding in *Cheeks* was driven by its view that "the FLSA is distinct from all other employment statutes." 796 F.3d at 205 (quoting *Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 40 (E.D.N.Y. 2014)). The Court acknowledged that "employees, through counsel, often voluntarily consent to dismissal of FLSA claims and, in some instances, are resistant to judicial review of settlement." *Id.* (quoting *Socias*, 297 F.R.D. at 40). But, the Court continued, "the purposes of FLSA *require* that it be applied even to those who would decline its protections." *Id.* (emphasis added) (quoting *Socias*, 297 F.R.D. at 40). "[J]udicial approval," the Court explained, "furthers the purposes of the FLSA, because '[w]ithout judicial oversight, . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act.'" *Id.* at 205-06 (quoting *Socias*, 297 F.R.D. at 40). These concerns apply no less to settlements under Rule 68 than they do to settlements under Rule 41. Indeed, "[t]aken to its logical conclusion," holding that Rule 68 settlements do not require judicial approval would result in the very evil that the *Cheeks* Court sought to prevent: It would "permit defendants to circumvent the FLSA's 'deterrent effect' and

eviscerate FLSA protections." *Id.* at 206 (quoting *Armenta v. Dirty Bird Grp., LLC*, No. 13-CV-4603 (WHP), 2014 WL 3344287, at *4 (S.D.N.Y. June 27, 2014)).[2]

The parties here also contend that the *Cheeks* Court's concerns "do[] not apply in the Rule 68 context, where there is an adversarial proceeding with both sides represented by counsel." (Docket No. 19 ("First Joint Ltr."), at 4). But that argument is inconsistent with *Cheeks* itself, as the Second Circuit repeatedly observed that "employees, *even when represented by counsel*, may be more inclined to accept" unreasonable, discounted settlements in the absence of judicial oversight. 796 F.3d at 205 (emphasis added). Moreover, the parties ignore the fact that their interpretation of Rule 68, if accepted, would apply not only in counseled cases, but also in *pro se* cases. That is not to say that where, as here, a plaintiff is represented by counsel, that fact is immaterial. It is likely to mitigate the disparity in bargaining power between employer and employee, and counsels in favor of viewing a settlement as fair and reasonable. But that is merely to say that it should factor into a court's analysis of whether a settlement is fair and reasonable, as it does in the normal course. *See, e.g., Wolinsky*, 900 F. Supp. 2d at 335 (identifying as a factor in the review of an FLSA settlement "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel" (internal quotation marks omitted)). It is not an argument for doing away with judicial scrutiny of FLSA settlements altogether.

---

[2] Indeed, as Judge Broderick noted, the potential for abuse may be "even greater . . . when it comes to settlements made within the Rule 68 framework. Because plaintiffs face severe consequences if they refuse a Rule 68 offer, employers are granted even more leverage to strike abusive deals." *Toar*, slip op. at 10. Of course, that added pressure is inherent to Rule 68 itself, which is "designed to put significant pressure on the plaintiff to think hard" about whether to take the defendant's offer. *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998). But there is no reason to believe that Congress or the Supreme Court intended for the unique pressures in the FLSA context to go ignored simply because a Rule 68 offer itself puts pressure on a plaintiff.

For similar reasons, the Court is unswayed by the parties' assertion that the "policy issues" in *Cheeks* "are not present here." (First Joint Ltr. 4-5 (capitalization altered)). That is, to the extent the parties' agreement in *this* case lacks the hallmarks of coercion, it may well be fair; but that is an argument for settlement approval, not an argument for letting the parties here — let alone the parties in *all* FLSA cases — settle with no oversight whatsoever. To be sure, some of the "abuse[s]" highlighted by the *Cheeks* Court are less likely to be present in the case of a Rule 68 settlement. 796 F.3d at 206. For example, "to the extent the Court in *Cheeks* was concerned about secret settlements and the curtailment of co-employees' information, Rule 68 judgments address that concern" because they are filed publicly. *Barnhill*, 2015 WL 5680145, at *3. But offers of judgment do not necessarily eliminate the risk of an unreasonable allocation of settlement moneys among plaintiffs or between plaintiffs and counsel, as they do not have to specify how funds are to be allocated among multiple plaintiffs or between the plaintiff and his or her counsel. *See* DOL *Amicus* Br. 12 n.8 ("In the instant case, . . . the offer of judgment does not disclose how [the settlement] sum is to be allocated among the respective plaintiffs, the percentage that will go to back wages versus liquidated damages, or the share that will go to attorney's fees."). And, most importantly, offers of judgment provide no security against "unreasonable, discounted settlement offers." *Cheeks*, 796 F.3d at 205. On that score, it is especially noteworthy that one of the cases cited by the *Cheeks* Court as highlighting the "potential for abuse" in FLSA settlements was itself a Rule 68 settlement case. *See id.* at 206 (citing *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 600 n.4 (N.D. Ga. 2014)). That fact alone suggests that the Second Circuit's views about the purposes of the FLSA apply with equal force to Rule 41 and Rule 68 settlements.

Second, and in any event, as Judge Caproni recently explained, the conclusion that settlements of FLSA claims pursuant to Rule 68 require judicial approval "follows from the Second Circuit's reasoning in *Cheeks* and the contract law principles applicable to Rule 68." *Sanchez,* 2017 U.S. Dist. LEXIS 38292, at *5. As she noted, "a Rule 68 compromise — just like any other settlement — is a contractual agreement," and therefore "must have a valid offer and a valid acceptance." *Id.*; *see also Marnell v. Carbo*, 499 F. Supp. 2d 202, 207 (N.D.N.Y. 2007) (declining to enter judgment pursuant to Rule 68 in part because the defendant's attorney "did not have authority to make a valid offer of judgment"). As *Cheeks* and the decades of Supreme Court jurisprudence upon which it relies make clear, however, "FLSA claimants do not have authority to compromise their claims without judicial approval or [DOL] oversight. In contractual terms, FLSA plaintiffs lack capacity to enter into a binding agreement with the defendant that is not conditioned on court or [DOL] approval." *Sanchez,* 2017 U.S. Dist. LEXIS 38292, at *6(footnote omitted); *see also Barrentine*, 450 U.S. at 740 ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." (internal quotation marks omitted)); *Brooklyn Sav. Bank*, 324 U.S. at 706-07 (describing the FLSA as "federal compulsory legislation" intended "to prevent" certain "private contracts"). In other words, "[t]he Clerk of Court's mandatory obligation to enter judgment pursuant to Rule 68(a) presupposes a valid offer and acceptance" — and an FLSA claimant's valid acceptance, in turn, presupposes judicial (or DOL) approval of the parties' agreement. *Sanchez,* 2017 U.S. Dist. LEXIS 38292, at *6.[3]

---

[3] Relatedly, if Rule 68 were construed to expand an FLSA claimant's capacity to settle his or her claims, it would arguably run afoul of the Rules Enabling Act, 28 U.S.C. § 2072(b), which provides that rules of procedure "shall not abridge, enlarge or modify any substantive right." *See* DOL *Amicus* Br. 13 n.9 ("To the extent Rule 68(a) alters the rules by which a court will adjudicate FLSA rights — namely, by terminating an FLSA claim without court approval or

11

In short, although *Cheeks* may not apply *a fortiori* to a Rule 68 FLSA settlement given its reliance on the language of Rule 41, its reasoning — combined with the fact that Rule 68 is not always, as the majority of courts in the Circuit have assumed, mandatory — compels the conclusion that parties may not evade the requirement for judicial (or DOL) approval by way of Rule 68. That conclusion does not, as the parties here suggest (First Joint Ltr. 6; Second Joint Ltr. 3), undermine Rule 68's purpose of facilitating settlement. A defendant's Rule 68 offer will still "require plaintiffs to 'think very hard' about whether continued litigation is worthwhile," as it could leave them liable for the defendant's costs if they reject the offer and recover less at the end of the case. *Marek v. Chesny*, 473 U.S. 1, 11 (1985). And requiring the parties to submit their settlements to scrutiny is unlikely to deter many settlements (except for those that are unfair or unreasonable, which is precisely the point). Most courts — including this one — have devised efficient and expedited procedures for review of FLSA settlements, mandating that the parties do little more than submit their agreement along with a letter explaining how the settlement value compares to the amount the plaintiff might have recovered after trial and justifying any discount; identifying and justifying the portion allocated to attorney's fees; and confirming that the agreement is a product of arms'-length bargaining rather than collusion or coercion. (*See* Docket No. 24 (ordering the parties' to submit a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to *Cheeks* and *Wolinsky*)). Those requirements are far from onerous, but they help ensure that the FLSA's "remedial and humanitarian goals" are fulfilled. *Cheeks*, 796 F.3d at 206.[4]

---

DOL supervision of the settlement agreement — this may run afoul of the Rules Enabling Act . . . ."). The Court need not, and does not, reach that question here.

[4] As in *Gordon*, 81 F.3d at 240, the parties "raise the specter of a [court] disapproving a Rule 68 settlement" that a plaintiff has accepted. (*See* Second Joint Ltr. 3). Admittedly, it is not immediately clear whether a plaintiff in that scenario would be liable for the defendant's costs

12

In sum, the Court joins the growing number (albeit still minority) of judges in this Circuit to conclude that Rule 68 does not override the need for judicial (or DOL) approval of a settlement of claims under the FLSA. *See Sanchez,* 2017 U.S. Dist. LEXIS 38292, at *4-6; *Toar*, slip op. at 7-14; *Cantoran v. DDJ Corp.*, No. 15-CV-10041 (PAE), Docket No. 35, slip op. at 1-2 (S.D.N.Y. June 2, 2016); *see also, e.g.*, *Walker*, 300 F.R.D at 602; *Norman v. Alorica, Inc.*, No. 11-CV-433 (KKD), 2012 WL 54521956, at *2 (S.D. Ala. Nov. 7, 2012); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246-47 (M.D. Fla. 2010); *Luna v. Del Monte Fresh Produce (S.E.), Inc.*, No. 06-CV-2000 (JEC), 2008 WL 754452, at *12-13 (N.D. Ga. Mar. 19, 2008). That said, in light of the divide among courts in this Circuit, the Court concedes that there is a "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). Because the issue is also a "controlling question of law" and an immediate appeal from the Court's order would "materially advance the ultimate termination of the litigation" (as the Clerk of Court would have to enter judgment without further proceedings if the Second Circuit were to reverse and hold that the Court lacks authority to review the settlement), the Court certifies this Order for interlocutory appeal under Title 28, United States Code, Section 1292(b). *See also, e.g.*, *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 12-CV-8852 (JMF), 2014 WL 1881075, at *1-2 (S.D.N.Y. May 9, 2014) (discussing the relevant standards). Indeed, given the nature of the issue and the final judgment rule, it would be difficult (although perhaps not impossible) for the

---

under Rule 68(d) if the plaintiff recovers less at the end of the case. Likely not, as Rule 68(d) applies only where "the judgment that the offeree finally obtains is not more favorable than the *unaccepted* offer." Fed. R. Civ. P. 68(d); *cf., e.g.*, *Walker*, 300 F.R.D. at 605 & n.7 (upon concluding that defendant's Rule 68 offers, some of which had been accepted and some of which had not, could not be approved, "strik[ing] the unaccepted offers in light of the consequences of rejection under Rule 68"). As in *Gordon*, however, the Court "need not resolve this question because it is not before the court." 81 F.3d at 240.

issue to get to the Circuit absent an interlocutory appeal. And in light of the split among the district courts, resolution by the Second Circuit is plainly desirable, if not necessary.

Absent a notice of appeal being filed within ten days, *see* 28 U.S.C. § 1292(b), the parties shall, no later than **April 24, 2017**, submit a joint letter to the Court explaining the basis for their proposed settlement and why it should be approved as fair and reasonable, with reference to the discussion in *Cheeks*, 796 F.3d at 200-01, and *Wolinsky*, 900 F. Supp. 2d at 335-36. If the parties file a notice of appeal, however, the case shall be stayed pending resolution of the appeal.

SO ORDERED.

Dated: April 10, 2017
      New York, New York

_____
JESSE M. FURMAN
United States District Judge